# PORTO RICO
# FEDERAL REPORTS.

## EMILIO YGLESIAS
### *v.*
## NEW YORK & PORTO RICO S. S. CO.

San Juan, Law, No. 335.

ACTION FOR PERSONAL INJURIES.

1. Plaintiff had no right of action under the following facts:   He was an
   employee of defendant, and started downstairs on business; he stepped
   on a small piece of wood on the stairs, and fell, injuring himself.   The
   evidence was conflicting whether the stairs had been swept that day.
2. Instructions to the jury to find for defendant are proper in such a case.

Case tried July 28, 1906.

---

*Mr. Henry F. Hord* and *Mr. Wm. H. Hawkins,* attorneys for
the complainant.

*Messrs. Pettingill & Leake,* attorneys for defendant.

Yglesias v. New York & P. R. S. S. Co.

Instructions by RODEY, Judge:

The plaintiff was a young man, some twenty-three years of age. He brought this suit against the defendant to recover $20,-000 for personal injuries. For some time previous he had been employed as a clerk by the defendant at its pier or dock in the city of San Juan, Porto Rico. The offices of the defendant, where plaintiff worked, are up stairs in the second story of the pier building. There is a very long stairway leading down from these offices to the first floor, in the extreme rear of the building portion of the pier. This stairway has a landing and turn about midway of its height. On the day in question somebody in charge in these offices sent plaintiff down stairs on a message. Plaintiff himself testified that he started down the stairway at a moderate pace, and, when he was stepping off the last step of the first flight, onto this landing at the turn, he stepped upon a piece of wood which caused his feet to shoot out from under him, and caused him to strike the lower end of his spine on the edge of the first step of the lower flight of stairs, by reason of which he was severely injured.

The evidence showed that if any piece of wood or other obstruction was in fact on the landing, it could not have been bigger than a lead pencil. The evidence was conflicting as to whether the stairway had been swept on the morning of the day in question. Plaintiff also testified that he went down the stairs moderately fast, looking straight ahead, and did not see the little piece of wood until he stepped on it and it rolled under his foot, and that he got but a glance at it during his fall before he became unconscious by the shock.

Yglesias v. New York & P:. R. S. S. Co.

Thereupon, defendant moved for an instruction for the following reasons:

(1) Because the evidence offered on behalf of the plaintiff wholly failed to show any actionable neglect on the part of the defendant, or, in fact, any negligence at all.

(2) Because the evidence failed to show that the defendant knew of, or should have known of, the existence of any obstruction upon the stairway which is alleged to have caused the plaintiff's injury.

(3) Because the evidence failed to show that the alleged obstruction had existed for a sufficient time to cast upon the defendant any duty regarding the removal of the same, if in fact it existed.

(4) Because the evidence showed that the obstruction, whatever it was, was obvious, and open to observation on the part of plaintiff if he was descending the stairway in a careful manner, and, if he had been in the exercise of due or ordinary care, would have been seen and avoided by him.

(5) Because the evidence showed that the plaintiff was guilty of contributory negligence as a matter of law.

(6) Because the evidence showed that if there was any negligence on the part of anyone other than plaintiff, it was that of a fellow servant of plaintiff, and therefore the defendant is not liable, etc.

After argument by the respective counsel, the court felt constrained to sustain the motion, and therefore instructed the jury to find for the defendant.